57 F.3d 1076
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Patricia A. BROWN; H. B. BROWN, Plaintiffs-Appellants,
v.
J. Porter BARTON, Defendant,
and
Myron Sukut, Defendant-Appellee.
 No. 94-56224.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 2, 1995.
Decided May 25, 1995.
 
 Before: FLETCHER, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs Patricia and H.B. Brown appeal the district court's grant of summary judgment in favor of Defendant Myron Sukut. We have jurisdiction pursuant to 29 U.S.C. Sec. 1291,[1] and we affirm.
 
 I.
 
 3
 The district correctly concluded that the Browns' stock-related claims were derivative in nature and, because the Browns failed to comply with Fed. R. Civ. P. 23.1, summary judgment was appropriate. The Browns' complaint alleges injuries that resulted in a devaluation of their stock. Devaluation of stock is considered a corporate injury, for which the shareholders' only recourse is a derivative suit. See Sax v. World Wise Press, Inc., 809 F.2d 610, 614 (9th Cir. 1987); Eagle v. American Tel. & Tel. Co., 769 F.2d 541, 545 (9th Cir. 1985), cert. denied, 475 U.S. 1084 (1986).
 
 
 4
 The Browns contend that this rule does not apply to them because they transferred their stock. However, the only evidence in the record is Ms. Brown's deposition testimony to the contrary. Ms. Brown stated that "We have all our stock but it isn't worth anything I understand."
 
 
 5
 The Browns separately argue that Sukut breached his fiduciary duty owed to them as shareholders. However, the Browns have "not identified a fiduciary duty owed to [them] that is separate and distinct from that owed to other shareholders and that would allow [them] to maintain a direct action." Sax, 809 F.2d at 614. Therefore, the Browns' allegations regarding breach of fiduciary duty are also derivative claims subject to the requirements of Fed. R. Civ. P. 23.1.
 
 
 6
 Because their stock-related claims were derivative, the Browns were required to comply with Fed. R. Civ. P. 23.1, which they failed to do. The district court properly dismissed the Browns' derivative claims for failure to comply with the requirements of Fed. R. Civ. P. 23.1. See id. at 615.
 
 II.
 
 7
 Summary judgment was also appropriate with regard to the Browns' membership claims. The Browns contend that they "sustained damage in the form of dissemination [sic] in value of their memberships in [the Club]." However, the only evidence in the record belies this claim. In her declaration in opposition to summary judgment, Ms. Brown stated that $4,500 of the purchase price of her Fairway stock accounted for the price of her Club membership. In her deposition, Ms. Brown stated that she and Mr. Brown sold their memberships for a combined total of $45,000. This boondoggle cannot be construed as a loss. In the absence of a material issue of fact regarding whether the Browns suffered any damages with respect to their membership claims, summary judgment was appropriate.
 
 III.
 
 8
 Summary judgment was also appropriately granted with respect to Browns' allegations of misrepresentations under Cal. Corp. Code Secs. 25400-25402. Sections 25400 and 25401 apply only to "sellers" of securities. In re Activision Securities Litigation, 621 F. Supp. 415, 426-27 (D.C. Cal. 1985). Officers and directors are not liable under these provisions. Id. Similarly, Sec. 25402 makes it unlawful for a person to sell or purchase any security when he knows material information that is not generally available to the public. The only evidence in the record is that Sukut never owned, purchased, or sold any Fairway stock. Since there is no material issue about whether Sukut ever sold securities to the Browns, these claims fail as a matter of law and summary judgment was appropriate.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although the complaint named other defendants in addition to Sukut, counsel represented to this Court, and the record reflects, that none of the other defendants were served. Consequently, summary judgment in favor of Sukut, as the only served defendant, was a final judgment for the purposes of appeal